UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| Heather Carder, | Case No.: 3:23-cv-185 |
|     Plaintiff, | **COMPLAINT** |
| v. | |
| Volunteer Mortgage Loan Servicing, Experian Information Solutions, Inc., and Equifax Information Services, LLC | |
|     Defendants. | |

## I.  INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.  PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Knox County Tennessee.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Volunteer Mortgage Loan Servicing (hereinafter "Volunteer Mortgage") is a corporation existing and operating under the laws of the State of Tennessee and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Volunteer Mortgage was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Tennessee.

7. Defendant, Experian Information Solutions Inc., ("Experian") is a credit reporting agency, licensed to do business in Tennessee.

8. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Tennessee.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Tennessee.

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Equifax and Experian both furnish such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Equifax and Experian each were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

14. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Knox County, Tennessee and Defendants do business in Tennessee.

16. Personal jurisdiction exists over Defendants as Plaintiff resides in Tennessee, Defendants have the necessary minimum contacts with the state of Tennessee, and this suit arises out of specific conduct with Plaintiff in Tennessee.

### IV. FACTUAL ALLEGATIONS

17. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Volunteer Mortgage, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

18. Equifax and Experian are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

19. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

20. Equifax and Experian each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

21. In February 2023 Plaintiff discovered the Plaintiff's Volunteer Mortgage account (the "Account") being reported in error – specifically it was being reported as having a balance due after the Account was settled through a foreclosure.

22. On Plaintiff's Equifax consumer report, the Account reports under the name Tennessee Housing Development.

23. After the foreclosure on the property tied to the Account was completed, there was no balance due on the Account.

24. The inaccurate reported balance has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

25. Despite receiving the full benefit of the settlement on the Account, Defendant Volunteer Mortgage continues, erroneously, to report the Account with a balance on Plaintiff's consumer report.

26. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

27. Plaintiff sent a written dispute to Equifax (the "Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

28. Plaintiff sent a written dispute to Experian (the "Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

29. Despite the clarity and detail provided in the Equifax Dispute and Experian Dispute (collectively the "Disputes"), the Account balance continued to appear on Plaintiff's Equifax and Experian consumer report.

30. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant Volunteer Mortgage.

31. Upon information and belief, Volunteer Mortgage received notification of Plaintiff's Written Dispute from Experian.

32. Volunteer Mortgage did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

33. Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to the Tennessee Housing Development.

34. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

35. Upon information and belief, Volunteer Mortgage failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

36. Equifax and Experian each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Dispute.

37. At no point after receiving the Experian Dispute did Volunteer Mortgage and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

38. At no point after receiving the Equifax Dispute did Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

39. Equifax relied on its own judgment and the information provided to it by Tennessee Housing Development rather than grant credence to the information provided by Plaintiff.

40. Experian relied on its own judgment and the information provided to it by Volunteer Mortgage rather than grant credence to the information provided by Plaintiff.

41. Equifax and Experian each published the false information regarding the Account to third parties.

## COUNT I – EQUIFAX AND EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

42. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

44. After receiving the Experian Dispute, Experian Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

45. Equifax and Experian each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

46. As a result of this conduct, action and inaction of Equifax and Experian Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Equifax and Experian's conduct, action, and inaction was willful, rendering Equifax and Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Equifax and Experian were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX AND EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

50. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

52. After receiving the Experian Dispute, Experian Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

53. Equifax and Experian each violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

54. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Equifax and Experian's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Equifax and Experian were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – VOLUNTEER MORTGAGE

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59. After receiving the Experian Dispute, Volunteer Mortgage failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

60. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Volunteer Mortgage's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Volunteer Mortgage's representations to consumer credit reporting agencies, among other unlawful conduct.

61. As a result of this conduct, action, and inaction of Defendant Volunteer Mortgage, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Volunteer Mortgage's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Volunteer Mortgage was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Defendant Volunteer Mortgage pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: May 26, 2023

>*/s/ Roy Steve Merritt*
>Roy Steve Merritt, Esq.
>The Law Office of Roy Steve Merritt
>523 West Lamar Alexander Parkway
>Maryville, TN 37803
>Telephone: 865-983-7636
>Fax: 865-233-5692
>stevem@smerrittlaw.com
>Attorney for Plaintiff